UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANDRO LEONEL GONZALEZ CASTILLO, | No. 2:19-cv-0338 KJM DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| C. VALENCIA, et al., | |
| Defendants. | |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant plaintiff's motion to proceed in forma pauperis and recommend that the complaint be dismissed without leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

I.     **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff alleges the events giving rise to his claim occurred while he was incarcerated at Mule Creek State Prison. (ECF No. 1 at 1.) He names as defendants correctional sergeant, C. Valencia and correctional officer Goytia. (Id. at 2.) Plaintiff details several alleged incidents of correctional staff not named as defendants in this action sexually assaulting him at R.J. Donovan

3

Correctional Facility, Salinas Valley State Prison, and Mule Creek State Prison in 2016 and 2017. (Id. at 5-8.)

The complaint states that on August 17, 2018, Valencia detained plaintiff and performed a body search on him. (Id. at 8.) Plaintiff alleges Valencia touched his left buttock through his pants, even though plaintiff did not have a pocket on the left side of his pants. Plaintiff returned to his cell and filled out a form detailing the incident. (Id. at 9.) Plaintiff then heading onto the yard with the form in his hand. Plaintiff was stopped by Goytia, who performed a search. Plaintiff alleges that during the search, Goytia squeezed plaintiff's buttocks, twice on the left side and twice on the right side. Plaintiff claims defendants' actions constituted cruel and unusual punishment in violation of the Eighth Amendment.

**III.    Does Plaintiff State a Claim under § 1983?**

**A. Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. U.S. Const. amend. VIII. "The Constitution [] 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations omitted) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349). Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Wilson, 501 U.S. at 298, 303).

A sexual assault on an inmate by a prison official implicates the rights protected by the Eighth Amendment. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000); see also Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) ("Sexual abuse may violate contemporary

////

4

standards of decency and can cause severe physical and psychological harm"). "[N]o lasting physical injury is necessary to state a cause of action." Schwenk, 204 F.3d at 1196. "Rather, the only requirement is that the officer's actions be 'offensive to human dignity.'" Id. (citation omitted). However, a single instance of physical contact, while sexually suggestive in nature, does not satisfy the standard set forth in Schwenk.

**B. Analysis**

In order to state an Eighth Amendment claim for an allegedly inappropriate body search, a plaintiff must demonstrate that the search amounted to the unnecessary and wanton infliction of pain. Jordan v. Gardner, 986 F.2d 1521, 1525-26 (9th Cir. 1993) (concluding that "momentary discomfort" is not enough).

Generally, inmate sexual harassment claims that allege brief inappropriate touching by a correctional officer are not cognizable, particularly where the alleged touching occurred pursuant to an authorized search. See e.g., Watison v. Carter, 668 F.3d 1108, 1112-13 (9th Cir. 2012) (inmate's allegations an officer entered his cell and approached him while he was on the toilet, then rubbed his thigh against the inmate's thigh, "began smiling in a sexual [manner], and left the cell laughing," did not support a violation of the Eighth Amendment); Berryhill v. Schiro, 137 F.3d 1073, 1075 (8th Cir. 1998) (finding two brief ("mere seconds") touches to the inmate's buttocks during horseplay did not violate the Eighth Amendment); Jackson v. Madery, 158 Fed.Appx. 656, 662 (6th Cir. 2005), abrogated in part on other grounds by Maben v. Thelen, 887 F.3d 252 (6th Cir. 2018) (officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in a degrading manner was "isolated, brief, and not severe" and therefore, failed to meet Eighth Amendment standards); Osterloth v. Hopwood, No. CV 06 152 M JCL, 2006 WL 3337505, *6, *7 (D. Mont. 2006) (dismissing Eighth Amendment claim challenging as sexually abusive an officer's search of plaintiff that allegedly included the officer reaching between plaintiff's legs, grabbing his scrotum and penis, and sliding his hand between plaintiff's buttocks, wherein plaintiff stated to the officer, "that was pretty much sexual assault," and officer responded, "yah pretty much.").

////

5

The allegations as stated in the complaint fail to state a claim under the Eighth Amendment. Plaintiff alleged the officers briefly touched plaintiff's buttock incident to a search without sexual comment. Thus, the officers conduct does not rise to the level of an Eighth Amendment violation.

Plaintiff has also detailed several other incidents involving officers not named as defendants in this case and employed at several different CDCR facilities. (ECF No. 1 at 5-8.) However, no single incident described in the complaint was severe enough to be "objectively sufficiently serious," nor are the incidents cumulatively egregious in the harm they inflicted. See Boddie, 105 F.3d at 861 (finding plaintiff failed to state an Eighth Amendment claim where he asserted "a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent"). Accordingly, the facts stated in the complaint fail to show a violation of the Eighth Amendment.

**IV.     No Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff's allegations fail to state a claim for relief and amendment would be futile. His complaint should be dismissed without leave to amend.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted;

////

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 5, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/cast0338.scrn